UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FRANK RONEY, )
)
    Plaintiff, )
)
v. ) Cause No.
)
NISHIDA SERVICES, )
) 1:07-cv-0179-LJM JMS
    Defendant. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.*, as amended, for retaliation. Plaintiff also brings a claim for failure to pay him overtime compensation pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*

### I. PARTIES

2. At all times relevant to this action, Roney resided within the Southern District of Indiana.

3. At all times relevant to this action, Defendant Nishida Services ("Nishida") is a corporation doing business within the Southern District of Indiana.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1343, 42 U.S.C. section 2000e-5, and 29 U.S.C. section 216(b).

5. At all times relevant to this action, Roney was an "employee" as that term

1

is defined by 42 U.S.C. section 2000e(f) and 29 U.S.C. § 203(e).

6. Nishida is an "employer" as that term is defined by 42 U.S.C. section 2000e(b) and 29 U.S.C. 203(d).

7. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana, and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 1391.

8. Roney satisfied his obligation to exhaust his administrative remedies by having timely filed an EEOC charge alleging retaliation. Roney received his Dismissal and Notice of Rights and timely files this action.

### III. FACTUAL ALLEGATIONS

9. Roney began his employment with Nishida in June of 1999. His last position with the company was an account supervisor.

10. At all times relevant, Roney met or exceeded Nishida's legitimate expectations of performance.

11. Prior to August of 2005, Roney was paid overtime compensation.

12. However, since August of 2005, Nishida stopped paying Roney overtime compensation for hours worked in excess of forty hours per week.

13. At the end of January 2006, Roney stated to Terri Ann Nishida that he should be receiving overtime compensation.

14. Ms. Nishida stated that she would get back to him.

15. In addition, during his employment, Roney relayed information to his superiors that racial discrimination and harassment were taking place within the company. Roney also informed Defendant that he and other employees were being racially harassed while on certain

job sites, but Roney's superiors did nothing to correct the situations.

16. One of CP's superiors told him to have "thicker skin" when Roney informed his superior of the racially harassing language.

17. On February 27, 2006, Defendant terminated Plaintiff's employment.

## IV. LEGAL ALLEGATIONS

## COUNT 1 - TITLE VII RETALIATION CLAIM

18. Roney hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint.

19. Defendant unlawfully retaliated against Roney in violation of Title VII by terminating his employment after reporting complaints of racial harassment and discrimination.

20. Defendant's actions were intentional, willful, and done in reckless disregard of Roney's legal rights, and therefore, Defendant acted in bad faith.

21. Roney has suffered damages as a result of Defendant's unlawful actions.

## COUNT 2 - VIOLATIONS OF THE FLSA

22. Roney incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

23. Roney was entitled to overtime compensation.

24. Defendant intentionally and willfully failed to pay Roney overtime compensation.

25. Defendant intentionally and willfully retaliated against Roney when it terminated his employment after he questioned Ms. Nishida about not receiving overtime compensation.

26. Roney is entitled to recover from Defendant all overtime compensation which he earned.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff Frank Roney, respectfully requests that this Court enter

judgment in his favor and provide him the following relief:

1. Order Nishida to provide to Roney prospective relief of reinstatement to his previous position or front pay in lieu thereof;

2. Order Nishida to pay to Roney any and all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

3. Order Nishida to pay Roney compensatory and punitive damages;

4. Order Nishida to pay to Roney all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

5. Order Nishida to pay to Roney pre-judgment interest on all sums recoverable;

6. Order Nishida to pay to Roney post-judgment interest on all sums recoverable;

7. Order Nishida to pay Roney all overtime wages and wages earned, but not paid, including treble and liquidated damages;

8. Order Nishida to provide Roney with all other legal and/or equitable relief to which he is entitled.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (Atty # 19353-49)

_____
Carolyn A. Clay (Atty # 24124-49)

HASKIN, LAUTER, LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570

        E-Mail:     pgibbons@hllglaw.com
                         Cclay@hllglaw.com

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

_/s/ Philip J. Gibbons_

Philip J. Gibbons
Carolyn A. Clay
HASKIN, LAUTER, LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:  (317) 955-9500
Facsimile:   (317) 955-2570